# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 17-20068-JAR** |
| **JOSEPH D. DIAL, JR.,** | |
| **Defendant.** | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Joseph D. Dial, Jr.'s Motion for

Modification of an Imposed Term of Imprisonment (Doc. 37) pursuant to 18 U.S.C. § 3582.

Dial requests a reduction in his sentence to time-served.  For the reasons explained below, the

Court denies Dial's motion.

## I.      Background

On May 8, 2018, Dial pleaded guilty to one count of major program fraud in violation of

18 U.S.C. §§ 2, 1031 and one count of wire fraud in violation of 18 U.S.C. §§ 2, 1343 before

Judge Carlos Murguia.[1]  On September 25, 2019, Dial was sentenced to a 26-month term of

imprisonment followed by a two-year term of supervised release.[2]  Dial is currently incarcerated

at Leavenworth United States Penitentiary ("USP").  The Bureau of Prisons ("BOP") reports

eleven inmates at that facility have tested positive for COVID-19, and 414 inmates have been

---

[1]Doc. 19.  This case was reassigned to Chief District Judge Julie A. Robinson on July 27, 2020.  Doc. 38.

[2]Doc. 31.

tested.  Seven tests remain pending.[3]  Dial is fifty-five years old, and his projected release date

from the BOP is October 10, 2021.

On July 27, 2020, Dial filed a motion requesting compassionate release because he "is in

a Federal Prison located in Leavenworth, Kansas increasing the risk that [Dial] will be infected

with the virus."[4]  He also argues that he has no prior criminal history and is not a violent person.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence

only in specified instances where Congress has expressly granted the court jurisdiction to do

so.'"[5]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate

release only if certain exceptions apply.  Until recently, these exceptions required the BOP to

move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate

release statute, permitting a defendant to bring his own motion for relief.[6]  But a defendant may

bring a motion for compassionate release from custody only if he "has fully exhausted all

administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier. . . ."[7]  Unless a defendant meets this exhaustion requirement, the court lacks

jurisdiction to modify the sentence or grant relief.[8]

---

[3]Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed Aug. 21, 2020).

[4]Doc. 37 at 4.

[5]*United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[6]First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[7]18 U.S.C. § 3582(c)(1)(A).

[8]*United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, No. 12-20099-KHV, --- F. Supp. 3d -

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[9] In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[10]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or

---

--, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[9]18 U.S.C. § 3582(c)(1)(A).

[10]*Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[11]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[12]

## III.    Discussion

### A.    Exhaustion

Dial has satisfied the exhaustion requirement described in § 3582(c).  Dial requested compassionate release from the Warden at Leavenworth USP on June 4, 2020.  Though Dial does not explicitly state whether he received a response in his motion, he states that he "has exhausted his administrative remedies."[13]  Additionally, the Government did not file a response to Dial's motion controverting that he satisfied the exhaustion requirement.  Thus, because more than thirty days have passed since Dial requested compassionate release from the Warden, this Court has jurisdiction to decide his motion.[14]

### B.    Extraordinary and Compelling Reasons

Having determined Dial exhausted his administrative remedies, the Court next evaluates whether he demonstrates extraordinary and compelling reasons exist warranting compassionate release.  Dial argues that the ongoing COVID-19 pandemic, in conjunction with the conditions at

---

[11]U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[12]*See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that the defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[13]Doc. 37 at 2.

[14]*See United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (holding that if a criminal defendant fails to meet the First Step Act's exhaustion requirement, the Court lacks jurisdiction over the motion).

Leavenworth USP, constitute extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A). Dial also emphasizes that he has no prior criminal record and is a non-violent offender.

Courts nationwide interpret the "extraordinary and compelling" standard differently. Most agree, however, that in the context of the current global pandemic, an inmate demonstrates extraordinary and compelling circumstances if he has serious underlying health conditions that place him at an increased risk of serious illness or death from COVID-19 while incarcerated.[15] "The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the [Centers for Disease Control and Prevention] ("CDC") should be considered as having an 'extraordinary and compelling reason' warranting a sentence reduction."[16]

Here, Dial fails to identify what, if any, underlying health conditions he suffers from that may render him uniquely susceptible to severe complications if he contracts COVID-19. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[17] Accordingly, because Dial does not make any individualized showing about his vulnerability to contracting COVID-19 and having significant health issues, he has not

---

[15]*See, e.g.*, *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) (granting compassionate release based in part on COVID-19 where the defendant was at risk due to his age, hypertension, bipolar disorder, and major depressive disorder); *United States v. Delgado*, No. 3:18-cr-17, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts . . . have held that a defendant's pre-existing health conditions . . . in combination with the increased risks of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief") (collecting cases).

[16]*See United States v. Martin*, No. DKC 04-0235-5, 2020 WL 3447760, at *2 (D. Md. June 24, 2020); *see also* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii)(I) (U.S. Sentencing Comm'n 2018).

[17]*United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

met his burden to demonstrate extraordinary and compelling circumstances warranting compassionate release.

### C.      Section 3553(a)

The Court's conclusion is buttressed by a consideration of the applicable § 3553(a) factors.  The Court is not convinced that the conditions Dial finds himself in qualify him for release after serving only approximately one-third of his sentence.  The Court must still consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable Guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants.[18]

Application of the § 3553(a) factors here militates against reducing Dial's sentence to time-served.  Dial pleaded guilty to serious offenses, including defrauding the U.S. Government to obtain contract bids.  The Presentence Report calculates Dial's Guideline range to be 63-to-78 months' imprisonment, a range which reflects his lack of criminal history and the seriousness of his offenses.  Notwithstanding this advisory Guideline range, Dial only received a 26-month sentence based, in part, on a motion for a downward departure.  To reduce Dial's sentence to time-served—a sentence of approximately nine months—would result in a sentence significantly lower than the low-end Guidelines recommendation of 63-months' imprisonment.  When the Court sentenced Dial, it adhered to the statutory mandate that it impose a sentence that was "not greater than necessary."[19]  Dial received a sufficient but quite judicious sentence of 26 months'

---

[18]*See* 18 U.S.C. § 3553(a)(1)–(6).

[19]18 U.S.C. § 3553(a).

imprisonment.  Reducing his already-below-Guidelines sentence by nearly two-thirds would produce a sentence that no longer reflects the seriousness of Dial's criminal conduct, nor furnish adequate deterrence to criminal conduct or provide just punishment.  Thus, the pertinent sentencing factors in § 3553(a) do not favor the reduction Dial seeks, and his motion is therefore denied.

　　　　**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Joseph D. Dial, Jr.'s Motion for Compassionate Release (Doc. 37) is **DENIED**.

　　　　**IT IS SO ORDERED.**

　　　　Dated: August 24, 2020

                            S/ Julie A. Robinson
                            JULIE A. ROBINSON
                            CHIEF UNITED STATES DISTRICT JUDGE